BARNES, Appellant,

v.

CITY OF CINCINNATI et al., Appellees.

[Cite as *Barnes v. Cincinnati* (1990), 69 Ohio App.3d 140.]

Court of Appeals of Ohio,
Hamilton County.

No. C–890487.

Decided Aug. 15, 1990.

*Clements, Mahin & Cohen* and *Edward Cohen,* for appellant.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Hilla M. Zerbst,* for appellees James L. Mayfield and Industrial Commission of Ohio.

*Richard A. Castellini,* City Solicitor, and *Julie F. Bissinger,* for appellee city of Cincinnati.

---

*Per Curiam.*

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Hamilton County Court of Common Pleas, the transcript of the proceedings, the assignment of error, and the briefs and arguments of counsel.

The plaintiff-appellant, Bobby J. Barnes, Sr., has taken the instant appeal from the order of the trial court granting the motion for summary judgment filed by the defendants-appellees. For the reasons which follow, the judgment of the trial court is affirmed.

In 1985, the plaintiff, after experiencing stomach pains for several years, was diagnosed by his treating physician, Andrew Minkin, as suffering from "non-ulcer dyspepsia," which was described by Dr. Minkin as a "catchall" for abdominal pains when the cause of the discomfort could not be determined.

The plaintiff subsequently sought compensation and medical benefits from the Bureau of Workers' Compensation by filing an injury-claim application

(May 21, 1986) and an occupational-disease-claim application (September 19, 1986).

In October 1986, the plaintiff's claims were jointly heard before a district hearing officer of the Industrial Commission of Ohio, after which the plaintiff's applications for benefits were denied. The plaintiff appealed the ruling to the Dayton Regional Board of Review, which affirmed the decision of the district hearing officer. A second appeal to staff hearing officers of the Industrial Commission resulted in the affirmance of the board of review's ruling. The plaintiff thereafter filed his notice of appeal, and later his petition, with the Hamilton County Court of Common Pleas. After various motions and pleadings were filed, the defendants moved for summary judgment. The trial court, after determining that the plaintiff had not set forth the occupational-disease claim in his petition, granted the defendant's motion as it pertained to the plaintiff's injury claim.

The plaintiff now appeals and alleges, in his sole assignment of error, that the trial court erred in granting the defendants' motion for summary judgment. We disagree.

Pursuant to Civ.R. 56(C), summary judgment may be granted when the trial court has determined that:

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

In the case *sub judice*, the plaintiff first argues that summary judgment was improper since a genuine issue of material fact existed as to whether his stomach discomfort was the result of an injury sustained in the course of, and arising out of, his employment.

For purposes of workers' compensation claims, the term "injury" is given the following definition in R.C. 4123.01(C):

" 'Injury' includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment. 'Injury' does not include:

"(1) Psychiatric conditions except where the conditions have arisen from an injury or occupational disease;

"(2) Injury or disability caused primarily by the natural deterioration of tissue, an organ, or part of the body;

"(3) Injury or disability incurred in voluntary participation in an employer-sponsored recreation or fitness activity if the employee signs a waiver of his right to compensation or benefits under Chapter 4123. of the Revised Code prior to engaging in the recreation or fitness activity."

In his deposition, Dr. Minkin testified that, in his opinion, the plaintiff's stomach pains were the result of employment stress.

"In order for an injury occasioned solely by mental or emotional stress to be compensable, the claimant must show that the injury resulted from greater emotional strain or tension than that to which all workers are occasionally subjected." *Ryan v. Connor* (1986), 28 Ohio St.3d 406, 28 OBR 462, 503 N.E.2d 1379, paragraph two of the syllabus. In addition, the claimant must also demonstrate that the stress to which he was subjected in his employment was, in fact, the medical cause of his injury. *Ryan, supra*, at 409–410, 28 OBR at 465, 503 N.E.2d at 1382.

Our review of the record convinces us that whatever injury the plaintiff may have suffered did not result "from greater emotional strain or tension than that to which all workers are occasionally subjected." Beyond this, if there was some injury present under the circumstances, the evidence fails to show that the plaintiff suffered an "injury" in the course of, and arising out of, his employment. It is undisputed that Dr. Minkin was unable to discover a physical injury for the plaintiff's pain, and that, in his expert opinion, the plaintiff had not, in fact, suffered an injury.

Accordingly, since there was no genuine issue of material fact regarding the plaintiff's injury claim, the trial court correctly ruled that the defendants were entitled to judgment as a matter of law on that claim.

The plaintiff next argues that the trial court's failure to consider his occupational-disease claim was erroneous. We find no merit in this assertion because the plaintiff failed to set forth the occupational disease claim in his petition to the trial court, see R.C. 4123.519, and because he made no attempt to amend his petition to include the omitted claim.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

DOAN, P.J., HILDEBRANDT and GORMAN, JJ., concur.